## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| **MARIO MORENO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-00031** |
| | § | **JURY** |
| **RASHPAL SINGH AND CAN** | § | |
| **TRANS XPRESS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT CAN TRANS XPRESS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 and Federal Rule of Civil Procedure 81, Defendant, Can Trans Express, Inc. (hereinafter, "Defendant") hereby removes to this Court, the state court action described in Paragraph 1 below.  Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

### A.    THE REMOVED CASE

1.    The removed case is a civil action originally filed with the 143rd Judicial District Court of Reeves County, Texas (hereinafter, the "State Court"), on February 3, 2021, styled *Mario Moreno v. Rashpal Singh and Can Trans Xpress, Inc.*, Cause No. 21-02-23873 (hereinafter, the "State Court Action"). The removed case arises from a motor vehicle accident involving Plaintiff, Mario Moreno (hereinafter, "Plaintiff" or "Moreno"), which occurred on June 24, 2019, in Reeves County, Texas (hereinafter, the "Incident").

**B.      DOCUMENTS FROM THE REMOVED CASE**

2.      Pursuant to 28 U.S.C. § 1446(a), Defendant attaches to this Notice of Removal a copy of all process, pleadings, and orders served upon Defendant.[1]

**C.      REMOVAL IS TIMELY**

3.      Plaintiff filed the State Court Action with the State Court on February 3, 2021. Defendant was served with the State Court Action on April 6, 2020.[2] To Defendant's knowledge, Defendant, Rashpal Singh, has not "been properly joined and served".[3] Therefore, this Notice of Removal is filed within the time limits specified in 28 U.S.C. § 1446(b).

**D.      VENUE IS PROPER**

4.      The United States District Court for the Western District of Texas, Pecos Division, is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the State Court is located within the jurisdiction of the United States District Court for the Western District of Texas, Pecos Division.

**E.      COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

5.      This is a civil action that falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

6.      According to Plaintiff's Original Petition (the "Petition"), Plaintiff is a resident of El Paso County, Texas, and is therefore considered a citizen of Texas for

---

[1] A true and correct copy of all process, pleadings, and orders served upon Defendant is attached hereto as **Exhibit "A"**.
[2] *See, id.*
[3] 28 U.S.C. § 1446(b)(2)(A).

purposes of diversity jurisdiction.

7.   According to the Petition, Defendant, Rashpal Singh, is a resident of Ontario, Canada, and is therefore considered a citizen of Ontario, Canada, for purposes of diversity jurisdiction. To Defendant's knowledge, Defendant, Rashpal Singh, has not "been properly joined and served".[4]

8.   According to the Petition, Defendant, Can Trans Xpress, Inc., is a "business entity in Ontario, Canada." This entity is an "Ontario Business Corporation" with its principal place of business in Ontario, Canada. Therefore, Defendant, Can Trans Xpress, Inc., is considered a citizen of Ontario, Canada, for purposes of diversity jurisdiction.

9.   The diversity of citizenship requirement has been met because there is complete diversity between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332. Plaintiff is considered a citizen of Texas and neither of the Defendants are considered citizens of Texas.

10.   Under 28 U.S.C. § 1446(b)(2)(A), all defendants who have been *properly joined and served* must join in or consent to the removal of the action. (emphasis added). Consent is not necessary in this removal because Defendant, Rashpal Singh, has not yet been properly joined and served.

**F.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

11.   Plaintiff's petition is a deficient pleading per Texas Rule of Civil Procedure 47 as it does not identify the amount of damages sought by Plaintiff.[5]

---

[4] 28 U.S.C. § 1446(b)(2)(A).
[5] TEX. R. CIV. P. 47(c).

However, a petition alleging extensive personal injury supports finding the amount in controversy exceeds $75,000.[6] "[A] a court may make 'common-sense inferences' about the amount from the injuries and damages that the plaintiff pleaded."[7]

12.   Here, Plaintiff's Petition shows more than $75,000 in controversy, as is shown by a comparison between the present lawsuit and multiple other cases holding personal-injury descriptions showed more than $75,000 in controversy:

| Case Name | Petition Allegations from Which It Was Facially Apparent the Amount in Controversy Exceeded $75,000 | Similar Petition Allegations in the Present Case |
|---|---|---|
| *Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294, 295 (5th Cir. 2011) (per curiam) (fell while exiting a shuttle bus)[8] | • "serious personal injuries to her back, knees, shoulder and body"[9]<br><br>• "medical expenses"[10]<br><br><br>• "substantial physical pain and suffering"[11] | • "serious personal injuries"[14]<br><br>• "expenses for medical care, attention and other expenses"[15]<br><br>• "physical pain and suffering in the past"[16] |

[6] *Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294, 295 (5th Cir. 2011) (per curiam) (stating, "Given ***the extensive injuries*** [Emphasis added] alleged . . . and the various damages claimed, it is facially apparent that the amount in controversy exceeds $75,000. *See id.; see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999) (holding that the amount in controversy exceeded $75,000 based on ***extensive injuries*** [emphasis added] claimed in complaint)."); *Pollet v. Sears Roebuck and Co.*, 46 Fed. Appx. 226, 2002 WL 1939917, at *4 (5th Cir. July 18, 2002) (per curiam) (concluding, "[Plaintiff]'s allegations of injury and damages in her complaint, by ***their nature and severity***, (Emphasis added). [emphasis added]" supported finding the amount in controversy exceeded $75,000).

[7] *List v. PlazAmericas Mall Texas, LLC*, No. CV H-18-4810, 2019 WL 480130, at *2 (S.D. Tex. Feb. 7, 2019) (citing *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

[8] 418 F. App'x at 294.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[14] Plaintiff's Original Petition at 3, Section IV.

[15] *Id.* at 6, Section VI, ¶ 1.

[16] *Id.* at 6, Section VI, ¶ 4.

|  |  | • "physical pain and suffering in the future"[17] |
|  | • "mental anguish . . . emotional distress"[12] | • "mental pain and anguish in the past"[18]<br>• "mental pain and anguish in the future"[19]<br>• "emotional distress in the past"[20]<br>• "emotional distress in the future"[21] |
|  | • "property damage" (apparently to worn or carried personal property because Plaintiff fell while exiting a shuttle bus)[13] | • "substantial property damage"[22]<br>• "property damage"[23]<br>• "loss of use of his vehicle"[24]<br>• "compensation for the diminished value of his vehicle"[25] |
| *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000) (slip and fall)[26] | • "injuries to her right wrist, left knee and patella, and upper and lower back"[27] | • "serious personal injuries"[34] |

---

[12] *Id.*

[13] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.* at 6, Section IV.

[23] *Id.* at 6, Section VII.

[24] *Id.*

[25] *Id.*

[26] 233 F.3d at 883.

[27] *Id.*

[34] Plaintiff's Original Petition at 3, Section IV.

| | | |
|---|---|---|
| | • "medical expenses"[28] | • "expenses for medical care, attention and other expenses"[35]<br>• "further medical care and attention…in the future"[36] |
| | • "physical pain and suffering"[29] | • "physical pain and suffering in the past"[37]<br>• "physical pain and suffering in the future"[38] |
| | • "mental anguish and suffering"[30] | • "mental pain and anguish in the past"[39]<br>• "mental pain and anguish in the future"[40] |
| | • "permanent disability"[31]<br>• "permanent . . . disfigurement"[32] | • "impairment to his body"[41] |
| | • "loss of wages and earning capacity"[33] | • "lost wages in the past"[42]<br>• "lost wages and loss of earning capacity in the future"[43] |

---

[28] *Id.*

[29] 233 F.3d at 883.

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.*

[35] *Id.* at 6, Section VI, ¶ 1.

[36] *Id.*

[37] *Id.* at 6, Section VI, ¶ 4.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.* at 6, Section VI, ¶ 3.

[43] *Id.*

---

**DEFENDANT CAN TRANS XPRESS, INC.'S NOTICE OF REMOVAL**
**PAGE 6 OF 10**

| | | |
|---|---|---|
| *Pollet v. Sears Roebuck and Co.*, 46 Fed. Appx. 226, 2002 WL 1939917, at **1–4 (5th Cir. July 18, 2002) (per curiam) (slip and fall)[44] | • "serious and painful injuries, including but not limited to severe injuries to her face, left elbow, left hand, and tail bone"[45] | • "serious personal injuries"[55] |
| | • "past and future medical expenses"[46] | • "expenses for medical care, attention and other expenses"[56]<br>• "further medical care and attention…in the future"[57] |
| | • "severe physical pain"[47]<br>• "suffering and mental anguish"[48]<br>• "keen mental anguish"[49]<br>• "humiliation and embarrassment'"[50]<br>• "serious residuals thereof'"[51] | • "physical pain and suffering in the past"[58]<br>• "physical pain and suffering in the future"[59]<br>• "mental pain and anguish in the past"[60]<br>• "mental pain and anguish in the future"[61] |

[44] 2002 WL 1939917, at *1.

[45] 2002 WL 1939917, at *2.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.*

[55] Plaintiff's Original Petition at 3, Section IV.

[56] *Id.* at 6, Section VI, ¶ 1.

[57] *Id.*

[58] *Id.* at 6, Section VI, ¶ 4.

[59] *Id.*

[60] *Id.*

[61] *Id.*

| | | |
|---|---|---|
| | • "has been disabled in her daily activities and has been handicapped in other activities"[52] | • "prevented from performing his household duties"[62]<br>• "unable to perform his household duties in the future"[63] |
| | • "residual and permanent disabilities and impairments"[53] | • "impairment to his body"[64] |
| | • "past and future lost wages and lost earnings capacity"[54] | • "lost wages in the past"[65]<br>• "lost wages and loss of earning capacity in the future"[66] |

13.     Further, a petition's request for Level 3 discovery weighs toward a finding that more than $75,000 is in controversy.[67] Here, Plaintiff alleges that discovery will be conducted under "Discovery Level 3."[68] Therefore, it is facially apparent from the Petition that the amount in controversy exceeds $75,000.

14.     Based on all of the aforementioned facts, the State Court Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. §

---

[52] *Id.*

[53] *Id.*

[54] *Id.*

[62] *Id.* at 6, Section VI, ¶ 2.

[63] *Id.*

[64] *Id.* at 6, Section VI, ¶ 4.

[65] *Id.* at 6, Section VI, ¶ 3.

[66] *Id.*

[67] *List v. PlazAmericas Mall Texas, LLC*, No. CV H-18-4810, 2019 WL 480130, at *3 (S.D. Tex. Feb. 7, 2019) (stating, "[Plaintiff]'s request for a Level 3 discovery schedule supports [Defendant]'s argument that the amount in controversy exceeded $75,000.").

[68] Plaintiff's Original Petition at 2, ¶ 3.

---

1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## G.    FILING OF REMOVAL PAPERS

15.    Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record and are filing a copy of this Notice with the clerk of the State Court in which this action was originally commenced.

## H.    CONCLUSION

16.    Defendant, Can Trans Xpress, Inc., hereby removes the above-captioned action from the 143rd Judicial District Court of Reeves County, Texas, and requests that further proceedings be conducted in the United States District Court for the Western District of Texas, Pecos Division, as provided by law.

Respectfully submitted,

Mᴀʏᴇʀ LLP

By:     /s/ Brian J. Fisher
        Brian J. Fisher
        Texas Bar No. 24032178
        Email: bfisher@mayerllp.com
        David C. Larsen
        Texas Bar No. 24117393
        Email: dlarsen@mayerllp.com

9400 Holly Avenue NE, Building 3B
Albuquerque, New Mexico 87122
Telephone: 505.595.1414
Facsimile: 505.595.1415

**ATTORNEYS FOR DEFENDANTS
CAN TRANS XPRESS, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on the 5th day of May, 2021, a true and correct copy of the foregoing pleading has been forwarded to all known counsel of record as follows:

**Via CM/ECF**
**Via Email: vbieganowski@vjblaw.net**
Victor J. Bieganowski
Vɪᴄᴛᴏʀ J. Bɪᴇɢᴀɴᴏᴡsᴋɪ, P.C.
801 Myrtle Ave., Suite 100
El Paso, Texas 79901

                        /s/ Brian J. Fisher
                        Brian J. Fisher