IN THE _____143 RD_____ JUDICIAL DISTRICT COURT
OF REEVES COUNTY, TEXAS

| | | |
|---|---|---|
| MARIO MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. _21-02-23873-CVR_ |
| | § | |
| RASHPAL SINGH and | § | |
| CAN TRANS XPRESS INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** MARIO MORENO, (hereinafter referred to as "Plaintiff"), complaining of RASHPAL SINGH (hereinafter referred to sometimes as Defendant "SINGH"), and CAN TRANS XPRESS INC. (hereinafter referred to sometimes as Defendant "CAN TRANS"), and for cause of action shows unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

Pursuant to Rule 190, discovery will be conducted under Discovery Level 3.

### II. PARTIES AND SERVICE

Plaintiff, MARIO MORENO, is a resident of El Paso County. Plaintiff's last three digits of his Driver's License number are 951.

Defendant RASHPAL SINGH is a resident of Ontario, Canada doing business in the State of Texas by contracting by mail or otherwise with a Texas resident. Whereby either party is to perform the contract in whole or in part in this State, by committing a tort in whole or in part in the State of Texas or by recruiting Texas residence, directly or through an intermediary located in the State of Texas, for employment inside or outside this state. Defendant is not

1

**EXHIBIT "A"**

required to designate an agent for service of process in The State of Texas, therefore, the Secretary of State is the agent for service of process on such non-resident. Service of process may be had in accordance with Texas Long Arm Statute by serving the Secretary of State, Austin, Texas, who shall then forward a copy of this petition upon Defendant, SINGH at 26-206 Green Valley Dr., Ontario N291G9 and/or wherever he may be found.

Defendant CAN TRANS XPRESS INC. is a business entity in Ontario, Canada doing business in the State of Texas by contracting by mail or otherwise with a Texas resident. Whereby either party is to perform the contract in whole or in part in this State, by committing a tort in whole or in part in the State of Texas or by recruiting Texas residence, directly or through an intermediary located in the State of Texas, for employment inside or outside this state. Defendant is not required to designate an agent for service of process in The State of Texas, therefore, the Secretary of State is the agent for service of process on such non-resident. Service of process may be had in accordance with Texas Long Arm Statute by serving the Secretary of State, Austin, Texas, who shall then forward a copy of this petition upon Defendant, CAN TRANS XPRESS INC. at 180 Wilkinson Rd. Brampton, Ontario L6T 4W8 C and/or wherever they may be found.

### III. JURISDICTION AND VENUE

1. The subject matter in controversy is within the jurisdictional limits of this Court.

2. This Court has jurisdiction over the parties because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Reeves County, Texas.

3. Venue in Reeves County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Reeves County, Texas.

## IV. FACTS

The injuries and damages suffered by the Plaintiff made the basis of this action arose out of an occurrence on or about June 24, 2019 at approximately 12:30 AM in El Paso County, Texas. At such time and place, an 18-wheeler owned by Defendant CAN TRANS, and being operated by Defendant SINGH while he was in the course and scope of his employment with CAN TRANS, was traveling Westbound in the right lane of the IH-20 in El Paso County, Texas. Plaintiff was towing a trailer directly in front of Defendant, SINGH, when suddenly and without warning, Defendant, SINGH, crashed into Plaintiff's trailer and vehicle forcing him across the center median into oncoming lanes of traffic and finally coming to rest on the Eastbound median. As a direct and proximate result of this incident, Plaintiff suffered serious personal injuries and substantial property damage.

## V. CAUSES OF ACTION

### A.    NEGLIGENCE – DEFENDANT, RASHPAL SINGH

Defendant, SINGH owed a reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and subsequent damages were proximately caused by the negligence of said Defendant, arising from one or more of the following alternative theories of negligence:

1. Unsafe driving.
2. Failure to yield right of way.
3. Driving reckless in violation of Tex. Transp. Code Ann. § 545.401.
4. Failure to keep a proper lookout in violation of Tex. Transp. Code Ann §545.351.
5. Failure to safely apply brakes to avoid an incident.
6. Failure to honk and give adequate warning of the impending danger.
7. Failure to warn of his approach.
8. Failure to pay attention.
9. Failure to use due care and caution under the circumstances then existing.
10. Failure to use due care in operating a motor vehicle. (Tex. Transp. Code §545.351)
11. Other acts of negligence.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's injuries and damages.

**B.   NEGLIGENCE PER SE – RASHPAL SINGH**

Said collision and Plaintiff's damages were proximately caused by Defendant's violations of the laws of the State of Texas and of the United States of America constituting negligence per se. At the time of the motor vehicle collision, Defendant, SINGH, was operating his vehicle in violation of Texas Transportation Law. Specifically, Defendant, SINGH, violated the following provisions of Texas Transportation Law:

1.  Unsafe driving.
2.  Failure to yield right of way.
3.  Driving reckless in violation of Tex. Transp. Code Ann. § 545.401.
4.  Failure to keep a proper lookout in violation of Tex. Transp. Code Ann §545.351.
5.  Failure to safely apply brakes to avoid an incident.
6.  Failure to honk and give adequate warning of the impending danger.
7.  Failure to warn of his approach.
8.  Failure to pay attention.
9.  Failure to use due care and caution under the circumstances then existing.
10. Failure to use due care in operating a motor vehicle. (Tex. Transp. Code §545.351)
11. Other acts of negligence.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

**C.   RESPONDEAT SUPERIOR – DEFENDANT, CAN TRANS XPRESS INC.**

At all times relevant to this action, Defendant, SINGH, was in the course and scope of his employment and/or agency with Defendant, CAN TRANS, thereby making Defendant CAN TRANS vicariously liable under the doctrine of *respondeat superior* for the negligent acts of Defendant, SINGH, described-above which singularly or in combination proximately caused the

motor vehicle collision and resulting injuries and damages of Plaintiff.

Plaintiff hereby asserts the theory of *respondeat superior* of Defendant CAN TRANS and its liability for the negligent and reckless conduct of Defendant, SINGH and/or other employees/agents acting within the course and scope of their employment and/or agency.

Said collision and Plaintiff's damages described above were proximately caused by Defendant CAN TRANS's employee/agent's violation of the laws of the State of Texas and of the United States of America, constituting negligence per se. As a result of said negligence described above that proximately caused Plaintiff's damages, Defendant, CAN TRANS and Defendant, SINGH, are liable to Plaintiff.

## D. NEGLIGENT HIRING, QUALIFYING, SUPERVISION, ENTRUSTMENT, TRAINING, AND RETENTION – DEFENDANT, CAN TRANS XPRESS INC.

At all times relevant to this action, Defendant CAN TRANS had certain duties, including those imposed by regulations and other industry standards and practices, in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant, SINGH. Defendant CAN TRANS was negligent in failing to take reasonable steps to ensure that these duties were met. As a proximate result of their negligence, Plaintiff MARIO MORENO suffered personal injuries, arising from one or more of the following alternative theories of negligence:

1. That on June 24, 2019, Defendant, CAN TRANS was negligent by entrusting the control and operation of the motor vehicle, which was under its control, to Defendant, SINGH;
2. Allowing Defendant, SINGH to operate its vehicle on the public streets of El Paso County, Texas, and in particular at the location referred to above, when it knew or should have known that Defendant, SINGH was unfit and unskilled to operate the vehicle.
3. Failing to properly train, supervise and educate its drivers;
4. Failing to properly screen its applicants for driver certification;
5. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles;
6. Failure to adequately communicate orders, instructions and directions;
7. Other acts of negligence that may be established through discovery in the case.

## VI. DAMAGES

As a direct and proximate result of the occurrence, Plaintiff suffered bodily injuries. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the occurrence, Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future.

Plaintiff suffered lost wages in the past and will suffer lost wages and loss of earning capacity in the future.

Plaintiff has suffered physical pain and suffering in the past and will continue to suffer physical pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a further result of the occurrence, Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future. Plaintiff has suffered and will continue to suffer impairment to his body. Plaintiff has suffered damages within the jurisdictional limits of this Court.

## VII. DAMAGES TO PERSONAL PROPERTY

Plaintiff would show that as a direct and proximate result of Defendants' negligence, and each of them, Plaintiff's vehicle was damaged. Plaintiff seeks compensation for his property damage, as well as compensation for the loss of use of his vehicle and compensation for the diminished value of his vehicle.

## VIII. REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty-one (51) days of the service of this request.

## X. PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff has judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:   _/s/   Victor J. Bieganowski_
**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
*Attorney for Plaintiff, Mario Moreno*

IN THE _____143 RD_____ JUDICIAL DISTRICT COURT
OF REEVES COUNTY, TEXAS

| | | |
|---|---|---|
| MARIO MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No.21-02-23873-CVR |
| | § | |
| RASHPAL SINGH and | § | |
| CAN TRANS XPRESS INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT AND PRIVILEGE LOG

**TO:   CAN TRANS XPRESS INC.**

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified by the persons making them. You are to respond to these interrogatories **FIFTY-ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, any Interrogatory or part thereof, you shall serve your objection upon Plaintiff in writing within **FIFTY-ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rule of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiffs will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure.  Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

You are hereby put-on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections** is waived unless the court excuses the waiver for good cause shown.

**PRIVILEGE LOG** - Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:   _/s/  Victor J. Bieganowski     _.
          **VICTOR J. BIEGANOWSKI**
          State Bar No. 02301100
          *Attorney for Plaintiff, Mario Moreno*

## INTERROGATORIES

**INTERROGATORY NO. 1:**        If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**ANSWER:**

**INTERROGATORY NO. 2:**        Identify the following people: (a) The Safety Director/Chief Safety Officer or any person(s) of similar title(s) for CAN TRANS XPRESS INC. on the date of the collision in question and now; (b) The person(s) primarily responsible for compliance with state and federal safety regulations at CAN TRANS XPRESS INC. on the date of the collision in question and now; (c) The person(s) responsible for training RASHPAL SINGH; and (d) RASHPAL SINGH's supervisor and manager on the date of the collision in question.

**ANSWER:**

**INTERROGATORY NO. 3:**        With respect to the <u>vehicle</u> operated by RASHPAL SINGH at the time of the collision in question, provide the following information:
a) Identify the registered owner, lessor (if any) and lessee (if any) on the date of the collision in question and presently.
b) Provide the mileage and gross weight at the time of the collision in question;
c) For the engine, identify the manufacturer, year, model and identification number;
d) Identify all systems and devices in/on the vehicle that have the capability of recording and or transmitting any data about the operation of the vehicle (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.
e) Identify all systems and devices of any kind in or on the vehicle that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the collision in question has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.
f) Identify all systems and devices of any kind in or on the vehicle that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system;  any driver safety monitoring or hours of service monitoring system;  any transponders or tachographs;  any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the collision in question has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.
g) Identify all maintenance and repairs performed for the time period from 12 months before the collision in question to present.

**ANSWER:**

**INTERROGATORY NO. 4:**          With Respect to RASHPAL SINGH, provide the following information:
  a) Explain the relationship between CAN TRANS XPRESS INC. and RASHPAL SINGH at the time of the collision in question (e.g., leased driver, company driver, etc.);
  b) Explain how RASHPAL SINGH was paid (by hour, by incident, salary or other);
  c) Identify when CAN TRANS XPRESS INC.'s relationship with RASHPAL SINGH began and ended.

**ANSWER:**

**INTERROGATORY NO. 5:**          Was RASHPAL SINGH acting within the course and scope of his employment with you at the time of the collision in question? If not, explain the basis for your contention and identify documents and witnesses that support your contention.

**ANSWER:**

**INTERROGATORY NO. 6:**          Was RASHPAL SINGH acting as an agent for you at the time of the collision in question? If not, explain the basis for your contention and identify documents and witnesses that support your contention.

**ANSWER:**

**INTERROGATORY NO. 7:**          Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by CAN TRANS XPRESS INC. regarding RASHPAL SINGH at any time.

**ANSWER:**

**INTERROGATORY NO. 8:**          Describe in detail all training and education (including on the job training) provided by or on behalf of CAN TRANS XPRESS INC. to RASHPAL SINGH at any time and in any way related to driving the vehicle involved in this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 9:**          Identify all traffic violations committed by RASHPAL SINGH, either while in your employ or in previous employment.

**ANSWER:**

**INTERROGATORY NO. 10:**          If RASHPAL SINGH has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

**ANSWER:**

**INTERROGATORY NO. 11:**     For each motor vehicle collision/accident involving RASHPAL SINGH, of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved, and a brief description of what happened.

**ANSWER:**

**INTERROGATORY NO. 12:**     If RASHPAL SINGH had ever been disqualified due to non-compliance with company standards/guidelines or any other circumstance from driving a vehicle while in your employ, please describe when and under what circumstances.

**ANSWER:**

**INTERROGATORY NO. 13:**     Identify all CAN TRANS XPRESS INC. policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for RASHPAL SINGH at the time of the collision in question.

**ANSWER:**

**INTERROGATORY NO. 14:**     Explain your understanding of how and why the collision in question occurred.

**ANSWER:**

**INTERROGATORY NO. 15:**     Identify all persons who to your knowledge were present at the scene of the collision in question at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

**ANSWER:**

**INTERROGATORY NO. 16:**     Identify each person (name and employer) who has been involved in the investigation of the collision in question.  For each person identified, describe their role and involvement in the investigation.

**ANSWER:**

**INTERROGATORY NO. 17:**     Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the collision in question; the facts leading up to the collision in question; the investigation of the collision in question; any party to this action; any vehicles involved in the collision in question; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom CAN TRANS XPRESS INC. believes may have relevant testimony of any kind in connection with this case.

**ANSWER:**

5

**INTERROGATORY NO. 18:**      Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case. For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

**ANSWER:**

**INTERROGATORY NO. 19:**      Identify and explain all interaction and communication between anyone working for or on behalf of CAN TRANS XPRESS INC. and anyone employed with or acting on behalf of any other Defendant named in this action in connection with the collision in question.

**ANSWER:**

**INTERROGATORY NO. 20:**      Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on RASHPAL SINGH after the collision in question occurred. If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

**ANSWER:**

**INTERROGATORY NO. 21:**      As to any tests, inspections, measurements and/or investigations performed by or on behalf of CAN TRANS XPRESS INC., or of which you are at all aware regarding in any way the collision in question and/or any other matter raised in this case, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

**ANSWER:**

**INTERROGATORY NO. 22:**       Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the collision in question and/or any person or vehicle involved in the collision in question.

**ANSWER:**

**INTERROGATORY NO. 23:**      If you maintain that any non-party has any responsibility of any kind for causing the collision in question, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

**ANSWER:**

**INTERROGATORY NO. 24:**        If you maintain that Plaintiff has any responsibility of any kind for causing the collision in question, and/or for causing any of the damages alleged in the Plaintiff's Complaint, describe in detail the basis for this responsibility and identify all person(s) who have any knowledge regarding this issue.

**ANSWER:**

**INTERROGATORY NO. 25:**        If CAN TRANS XPRESS INC. has performed any review (e.g., accident review board, preventability determination) of the collision in question to determine preventability and/or fault, identify all persons involved in the review, the dates of the review and the conclusions that were reached.

**ANSWER:**

**INTERROGATORY NO. 26:**        Identify each person CAN TRANS XPRESS INC. expects to call as an expert witness at trial and for each expert identified:
   a) Summarize each opinion the expert holds in regards to this case;
   b) Identify the factual basis for each such opinion;
   c) Identify all documents and evidence of any kind provided to the expert for review;
   d) Identify all documents and evidence of any kind that support each opinion.

**ANSWER:**

**INTERROGATORY NO. 27:**        For each of Plaintiff's First Request for Admissions to CAN TRANS XPRESS INC. that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

**ANSWER:**

**INTERROGATORY NO. 28:**        For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**ANSWER:**

**INTERROGATORY NO. 29:**        If anyone working for or on behalf of CAN TRANS XPRESS INC. has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

**ANSWER:**

IN THE _____143 RD_____ JUDICIAL DISTRICT COURT
OF REEVES COUNTY, TEXAS

| | | |
|---|---|---|
| MARIO MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 21-02-23873-CVR |
| | § | |
| RASHPAL SINGH and | § | |
| CAN TRANS XPRESS INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT AND PRIVILEGE LOG

TO:   **RASHPAL SINGH**

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified by the persons making them. You are to respond to these Interrogatories **FIFTY-ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, any Interrogatory or part thereof, you shall serve your objection upon Plaintiff in writing within **FIFTY-ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rule of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiff will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

You are hereby put-on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections** is waived unless the court excuses the waiver for good cause shown.

**PRIVILEGE LOG** - Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:   _/s/   Victor J. Bieganowski_____.
**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
*Attorney for Plaintiff, Mario Moreno*

2

## INTERROGATORIES

**INTERROGATORY NO. 1:**        State your full name, address, telephone number, cell phone number, cellular provider at the time of the incident, date and place of birth, and social security number.

**ANSWER:**

**INTERROGATORY NO. 2:**        Were you in the course and scope of employment at the time of the occurrence? If so, please provide the name of your Employer and their contact information.

**ANSWER:**

**INTERROGATORY NO. 3:**        On the date of the incident, describe in detail the vehicle you were driving.  If you will, please include information on ownership and any condition in the vehicle which caused this incident.  State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

**ANSWER:**

**INTERROGATORY NO. 4:**        Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

**ANSWER:**

**INTERROGATORY NO. 5:**        If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years, for each violation identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

**ANSWER:**

**INTERROGATORY NO. 6:**        If you have been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information:
   a)  The offense(s) for which you were convicted.
   b)  The state(s) and date(s) of any such conviction(s).
   c)  A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

**PURSUANT TO TEX. R. EVID. 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

**ANSWER:**

**INTERROGATORY NO. 7:**        Did you give a statement to anyone regarding the incident and if so, indicate the name, address and telephone number of the person to whom you gave the statement, contents of the statement, and if you gave more than one statement, give the same information regarding each statement.

**ANSWER:**

**INTERROGATORY NO. 8:**        Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the collision in question and/or any person or vehicle involved in the collision in question.

**ANSWER:**

**INTERROGATORY NO. 9:**        With respect to the trip that you were on at the time of the collision in question, provide the following information:
   a) Where you came from prior to this incident;
   b) The purpose of your trip at the time of the collision in question;
   c) Your next planned destination at the time of the collision in question;
   d) Identify the route you intended to follow from the point of origin to the point of destination.

**ANSWER:**

**INTERROGATORY NO. 10:**        State the names, addresses and phone numbers of all persons who you will call to testify and a summary of their testimony.

**ANSWER:**

**INTERROGATORY NO. 11:**        Please state any restrictions that are placed on your ability to drive (e.g. corrective lenses).

**ANSWER:**

**INTERROGATORY NO. 12:**        Describe in detail any insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident.  If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

**ANSWER:**

**INTERROGATORY NO. 13:**        Identify each school you have attended starting with high school and provide the dates you attended and whether or not you graduated.

**ANSWER:**

**INTERROGATORY NO. 14:**    For each communication device (cell phone, text message device, e-mail device, etc.) that was in the vehicle you were operating on the day of the collision in question, explain whether or not it was in use at any time in the hour preceding the collision in question and identify the service provider, account number, phone number and owner.

**ANSWER:**

**INTERROGATORY NO. 15:**    Do you accept responsibility for causing the collision in question?  Explain why or why not.

**ANSWER:**

**INTERROGATORY NO. 16:**    State the names of anyone you know who came to the scene of this incident.

**ANSWER:**

**INTERROGATORY NO. 17:**    If you were injured in this incident, provide a list of all medical providers seen by you for your injuries.

**ANSWER:**

**INTERROGATORY NO. 18:**    Describe in detail the incident and each act or omission of each person in the incident. Please direct your attention to the following details in answering this Interrogatory:

    a) Please state everything that you did, in the order in which it was done, in an attempt to avoid the incident. If you applied the brakes or horn at any time prior to the incident, please state as to your motor vehicle, the speed and the approximate distance in feet from the point of the incident when you so applied the brakes or horn, stating what was used. If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location of the road surface and identify which motor vehicle caused each mark.

    b) Please state everything Plaintiff did or failed to do, which contributed to the incident.

    c) If there were any obstructions to the view of Plaintiff at or near the scene of the incident, please describe each obstruction in detail, giving its location with relation to the incident.

    d) If at the time and place of the incident the visibility of the road was limited or decreased from normal in any way due to glare, design, obstacles, speed, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

    e) If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

**ANSWER:**

IN THE _____ 143 RD ___ JUDICIAL DISTRICT COURT
OF REEVES COUNTY, TEXAS

MARIO MORENO,                          §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §       Cause No 21-02-23873-CVR
                                       §
RASHPAL SINGH and                      §
CAN TRANS XPRESS INC.,                 §
                                       §
        Defendants.                    §

## REQUEST FOR ADMISSIONS

TO:   **CAN TRANS XPRESS INC.**

Pursuant to the Texas Rule of Civil Procedure 198, you are required to make a written response to these requests **FIFTY-ONE (51) DAYS** after service:

(1)   Admit the truth of any matter within the scope of discovery.

(2)   Admit the truth of any statements of opinion or of fact or of application of law to fact.

(3)   Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying.

(4)   Admit or deny each of the attached requests for admissions.

**You are also instructed as follows:**

(1)   Unless you state an objection or assert a privilege, you must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request.

(2)   Your response must fairly meet the substance of the request.

(3)   You may qualify an answer, or deny a request in part, only when good faith requires.

(4)   Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or known or easily obtainable is insufficient to

enable the responding party to admit or deny.

(5)     An assertion that the request presents an issue for trial is not a proper response.

(6)     If you deny a request for admission and the Plaintiff proves the truth of such matter you

may be ordered to pay the cost of proof, including Plaintiff's attorney(s).

(7)     Your failure to respond as required by the Texas Rules of Civil Procedure to these

requests within the time required may result in the imposition of sanctions.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information

that exists in electronic or magnetic data.

You are hereby put-on notice that Pursuant to Rule 193.2(e), an objection that is not made

within the time required, or that is **obscured by numerous unfounded objections** is waived unless

the court excuses the waiver for good cause shown.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:     /s/   Victor J. Bieganowski        .
        **VICTOR J. BIEGANOWSKI**
        State Bar No. 02301100
        *Attorney for Plaintiff, Mario Moreno*

2

## REQUEST FOR ADMISSIONS

**ADMISSION NO. 1:**          Admit or Deny that on or about June 24, 2019, you were aware that Defendant SINGH was involved in a motor vehicle incident.

**ANSWER:**

**ADMISSION NO. 2:**          Admit or Deny that on or about June 24, 2019, you were the owner of the vehicle involved in this collision that was driven by Defendant SINGH.

**ANSWER:**

**ADMISSION NO. 3:**          Admit or Deny that on or about June 24, 2019, and at the time of the collision made the basis of this suit, you entrusted your vehicle to Defendant SINGH.

**ANSWER:**

**ADMISSION NO. 4:**          Admit or Deny that on or about June 24, 2019, and at the time of the collision made the basis of this suit that Plaintiff's conduct did not contribute to this incident.

**ANSWER:**

**ADMISSION NO. 5:**           Admit or Deny that Plaintiff properly named Defendant CAN TRANS XPRESS INC. in Plaintiff's Original Petition.

**ANSWER:**

**ADMISSION NO. 6:**          Admit or Deny that on the date of the collision, Defendant SINGH had a valid driver's license.

**ANSWER:**

**ADMISSION NO. 7:**          Admit or Deny that you do not contend the collision was unavoidable.

**ANSWER:**

**ADMISSION NO. 8:**          Admit or Deny that Defendant, SINGH, had your permission to operate your vehicle involved in this incident.

**ANSWER:**

**ADMISSION NO. 9:**          Admit or Deny that on the date of the collision, Defendant SINGH did not have a valid driver's license.

**ANSWER:**

**<u>ADMISSION NO. 10:</u>**        Admit or Deny that on the date of the collision, you were aware that Defendant SINGH did not have a valid driver's license.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 11:</u>**        Admit or Deny that Defendant SINGH was in the course and scope of your employment at the time of this incident.

**<u>ANSWER:</u>**

IN THE _____143 RD_____ JUDICIAL DISTRICT COURT
OF REEVES COUNTY, TEXAS

| | | |
|---|---|---|
| MARIO MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 21-02-23873-CVR |
| | § | |
| RASHPAL SINGH and | § | |
| CAN TRANS XPRESS INC., | § | |
| | § | |
| Defendants. | § | |

## REQUEST FOR ADMISSIONS

TO:   **RASHPAL SINGH**

Pursuant to the Texas Rule of Civil Procedure 198, you are required to make a written response to these requests **FIFTY-ONE (51) DAYS** after service:

(1)   Admit the truth of any matter within the scope of discovery.

(2)   Admit the truth of any statements of opinion or of fact or of application of law to fact.

(3)   Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying.

(4)   Admit or deny each of the attached requests for admissions.

**You are also instructed as follows:**

(1)   Unless you state an objection or assert a privilege, you must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request.

(2)   Your response must fairly meet the substance of the request.

(3)   You may qualify an answer, or deny a request in part, only when good faith requires.

1

(4)    Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or known or easily obtainable is insufficient to enable the responding party to admit or deny.

(5)    An assertion that the request presents an issue for trial is not a proper response.

(6)    If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay the cost of proof, including Plaintiff's attorney(s).

(7)    Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

You are hereby put-on notice that Pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections** is waived unless the court excuses the waiver for good cause shown.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:    _/s/   Victor J. Bieganowski      ._
**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
*Attorney for Plaintiff, Mario Moreno*

2

## <u>REQUEST FOR ADMISSIONS</u>

**<u>ADMISSION NO. 1:</u>**          Admit or Deny that on or about June 24, 2019, you were involved in a vehicle collision.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 2:</u>**          Admit or Deny that on or about June 24, 2019, and at the time of the collision made the basis of this suit, you were negligent in causing injury to Plaintiff.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 3:</u>**          Admit or Deny that on or about June 24, 2019, and at the time of the collision made the basis of this suit, there were no obstructions to your vision.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 4:</u>**          Admit or Deny that on or about June 24, 2019, and at the time of the collision made the basis of this suit, you were driving Westbound on IH-20 in El Paso County, Texas.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 5:</u>**          Admit or Deny that on or about June 24, 2019, and at the time of the collision made the basis of this suit, you did not see Plaintiff's vehicle immediately prior to this incident.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 6:</u>**          Admit or Deny that on or about June 24, 2019, and at the time of the collision made the basis of this suit that Plaintiff's conduct did not contribute to this incident.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 7:</u>**          Admit or Deny that Plaintiff properly named Defendant RASHPAL SINGH in Plaintiff's Original Petition.

**<u>ANSWER:</u>**

**<u>ADMISSION NO. 8:</u>**          Admit or Deny that, at the time of the collision, you did not own the vehicle you were driving involved in the collision.

**<u>ANSWER:</u>**

**ADMISSION NO. 9:**          Admit or Deny that on the date of the collision, you had a valid driver's license.

**ANSWER:**

**ADMISSION NO. 10:**          Admit or Deny that, on the date of the collision, your driver's license was revoked or suspended.

**ANSWER:**

**ADMISSION NO. 11:**           Admit or Deny that, on the date of the collision you were not violating a restriction placed on your driver's license.

**ANSWER:**

**ADMISSION NO. 12:**          Admit or Deny that the condition of the road surface did not contribute to the cause of the collision.

**ANSWER:**

**ADMISSION NO. 13:**          Admit or Deny that the lighting conditions did not contribute to the cause of the collision.

**ANSWER:**

**ADMISSION NO. 14:**          Admit or Deny that the weather conditions did not contribute to the cause of the collision.

**ANSWER:**

**ADMISSION NO. 15:**          Admit or Deny that you were using a cellular telephone at the time of the incident.

**ANSWER:**

**ADMISSION NO. 16:**           Admit or Deny that you do not contend the collision was unavoidable.

**ANSWER:**

**ADMISSION NO. 17:**          Admit or Deny that you have normal vision without the use of corrective lenses.

**ANSWER:**

**ADMISSION NO. 18:**        Admit or Deny that you were not wearing corrective lenses at the time of the collision.

**ANSWER:**

**ADMISSION NO. 19:**        Admit or Deny that you were under the care of a medical practitioner or other practitioner of the healing arts during the month before the collision.

**ANSWER:**

**ADMISSION NO. 19:**        Admit or Deny that you were acting as an agent for another person or entity at the time of the collision.

**ANSWER:**

**ADMISSION NO. 20:**        Admit or Deny that you were not injured as a result of the collision.

**ANSWER:**

**ADMISSION NO. 21:**        Admit or Deny that Plaintiff incurred reasonable medical bills for the necessary medical treatment of Plaintiff for the injuries she suffered as a result of the collision in question.

**ANSWER:**

**ADMISSION NO. 22:**        Admit or Deny that you were a proximate cause of this incident.

**ANSWER:**

**ADMISSION NO. 23:**        Admit or Deny that you were in the course and scope of your employment with Defendant, CAN TRANS XPRESS INC. at the time of this incident.

**ANSWER:**

**ADMISSION NO. 24:**        Admit or Deny that you were cited with code 98 under contributing factors (investigator's opinion) in the police report related to this incident.

**ANSWER:**

**ADMISSION NO. 25:**        Admit or Deny that while travelling westward on IH-20 during an attempt to pass the Plaintiff's vehicle your vehicle struck the Plaintiff's vehicle.

**ANSWER:**

**ADMISSION NO. 26:**        Admit or Deny that the medical treatment rendered to the Plaintiff for the injuries sustained in this incident was reasonable and necessary.

**ANSWER:**

IN THE _____143 RD____ JUDICIAL DISTRICT COURT
OF REEVES COUNTY, TEXAS

| | | |
|---|---|---|
| MARIO MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 21-02-23873-CVR |
| | § | |
| RASHPAL SINGH and | § | |
| CAN TRANS XPRESS INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS TO DEFENDANT AND PRIVILEGE LOG**

**TO:   CAN TRANS XPRESS INC.**

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action. Furthermore, pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and control by **10:00 a.m. FIFTY-ONE (51) DAYS AFTER SERVICE AT: VICTOR J. BIEGANOWSKI P.C.,** 801 Myrtle Ave. Suite 100, El Paso, Texas 79901.

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted. Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3(c).

1

Further you are hereby required to respond and supplement this Request as mandated by Rule 193. If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiff will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put-on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections,** is waived unless the court excuses the waiver for good cause shown.

You are hereby put-on notice to produce to Plaintiff pursuant to Tex. R. Evidence 609 all evidence of any listed witness.

**PRIVILEGE LOG** - Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiffs requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

**NOTE:   For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request**.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:    _/s/   Victor J. Bieganowski      ._
      **VICTOR J. BIEGANOWSKI**
      State Bar No. 02301100
      *Attorney for Plaintiff, Mario Moreno*

## ITEMS TO BE PRODUCED

**REQUEST NO. 1:**    A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to CAN TRANS XPRESS INC.

**RESPONSE:**

**REQUEST NO. 2:**    A copy of each document retention policy in effect for CAN TRANS XPRESS INC. at any time between the time of the collision in question and present.

**RESPONSE:**

**REQUEST NO. 3:**    A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the collision in question.

**RESPONSE:**

**REQUEST NO. 4:**    Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the collision in question.

**RESPONSE:**

**REQUEST NO. 5:**    All documents setting forth the relationship between Defendant, SINGH and CAN TRANS XPRESS INC. This includes, but is not limited to all leases, employment contracts, and independent vehicle agreements and other contracts, agreements, termination letters, intent to hire/promise of employment, job descriptions, company hiring guidelines, requirements and standards, personnel files and company retention guidelines, requirements, standards, memorandum and the like.

**RESPONSE:**

**REQUEST NO. 6:**    The contents of Defendant, SINGH's employment qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**RESPONSE:**

**REQUEST NO. 7:**    All documents of any kind that relate to any pre-employment background investigation of Defendant, SINGH, including without limitation any investigation of Defendant, SINGH's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with CAN TRANS XPRESS INC.

**RESPONSE:**

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of Defendant, SINGH.

**RESPONSE:**

**REQUEST NO. 9:**   All documents that relate in any way to you hiring Defendant, SINGH.

**RESPONSE:**

**REQUEST NO. 10:**   All documents that relate in any way to any orientation provided by CAN TRANS XPRESS INC. to Defendant, SINGH.

**RESPONSE:**

**REQUEST NO. 11:**   All documents that relate in any way to training of Defendant, SINGH. This includes but is not limited to all documents that show all training received by Defendant, SINGH; when, where and who provided the training and all materials used for training.

**RESPONSE:**

**REQUEST NO. 12:**   All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of CAN TRANS XPRESS INC. to Defendant, SINGH at any time. An answer key should also be provided.

**RESPONSE:**

**REQUEST NO. 13:**   Copies of all documents (a) explaining how Defendant, SINGH was compensated for the one month leading up to and including the date of the collision in question and extending one week after the date of the collision in question; and (b) showing any detention of wages over the same time period.

**RESPONSE:**

**REQUEST NO. 14:**   A copy of the front and back of every driver's license issued to Defendant, SINGH (regardless of name used) in your possession, custody and/or control.

**RESPONSE:**

**REQUEST NO. 15:**   All documents placing you on notice of any violation by Defendant, SINGH of any law, ordinance or regulation.

**RESPONSE:**

**REQUEST NO. 16:**  All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Defendant, SINGH in your possession, custody and/or control.

**RESPONSE:**

**REQUEST NO. 17:**  A copy of all documents relating to any violation of any safety rule or principle by Defendant, SINGH at any time.

**RESPONSE:**

**REQUEST NO. 18:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of CAN TRANS XPRESS INC. directed to Defendant, SINGH for the purpose of teaching, training, re-training, counseling, disciplining, correcting or otherwise managing Defendant, SINGH in any way relating to the safe performance of roadside maintenance.  This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**RESPONSE:**

**REQUEST NO. 19:**  A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Defendant, SINGH has been involved.

**RESPONSE:**

**REQUEST NO. 20:**  For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the vehicle that Defendant, SINGH was operating at the time of the collision in question, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the collision in question and ending 48 hours after the collision in question.  This includes all devices, whether owned by Defendant, SINGH or not, and whether it was in use at the time of the collision in question or not.

**RESPONSE:**

**REQUEST NO. 21:**  Copies of all documents prepared by Defendant, SINGH that describes the collision in question or the circumstances leading up to the subject incident.

**RESPONSE:**

**REQUEST NO. 22:**  All documents evidencing any evaluation of the driving abilities, qualifications, safety, and/or performance of Defendant, SINGH that has not been produced in response to the preceding Requests.

**RESPONSE:**

**REQUEST NO. 23:**  A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Defendant, SINGH in any way, that has not been produced in response to other Requests above.

**RESPONSE:**

**REQUEST NO. 24:**  A copy of all Defendant, SINGH's hours of service logs and any other driving logs and/or time sheets for the period beginning 180 days before the collision in question and ending 7 days following the collision in question.

**RESPONSE:**

**REQUEST NO. 25:**  A copy of all audits and summaries of Defendant, SINGH's hours of service covering the period beginning one year prior to the collision in question and ending 14 days following the collision in question.

**RESPONSE:**

**REQUEST NO. 26:**  For the vehicle involved in the collision in question, produce the following documents:
   a) Title;
   b) Registration;
   c) Operators manual;
   d) Maintenance Schedules;
   e) All documents evidencing maintenance performed on the vehicle at any time within 6 months before the collision in question;
   f) All documents evidencing any inspections of the vehicle during the 6 months before the collision in question;
   g) All documents evidencing any repairs and/or modifications to the vehicle at any time within 6 months before the collision in question;
   h) All documents evidencing any repairs made to the vehicle as a result of the subject collision (including insurance submissions);
   i) All leases involving the vehicle;
   j) Documents evidencing the purchase of the vehicle;
   k) Documents evidencing the sale of the vehicle if it has been sold;
   l) Documents evidencing mileage and weight at time of the collision in question; and
   m) Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**RESPONSE:**

**REQUEST NO. 27:**  Produce copies of all e-mails between Defendant, SINGH and CAN TRANS XPRESS INC. for the time period beginning 90 days prior to the collision in question and present.

**RESPONSE:**

7

**REQUEST NO. 28:**  If the vehicle was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**RESPONSE:**

**REQUEST NO. 29:**  To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the vehicle and/or anything inside or connected to any part or system of the vehicle that was involved in the collision in question.

**RESPONSE:**

**REQUEST NO. 30:**  A copy of each out of service report or violation concerning the <u>vehicle</u> involved in the collision in question from the period beginning one year prior to the collision in question through present.  This request includes any supplements, responses, amendments and dispositions regarding any violation.

**RESPONSE:**

**REQUEST NO. 31:**  Produce all documents evidencing damage to any vehicle or other property as a result of the collision in question, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the collision in question.

**RESPONSE:**

**REQUEST NO. 32:**  Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for appraisals,  property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**RESPONSE:**

**REQUEST NO. 33:**  A copy of every document related to any investigation done by or on behalf of CAN TRANS XPRESS INC. of the scene of the collision in question.

**RESPONSE:**

**REQUEST NO. 34:**  All documents authored by anyone working for or on behalf of CAN TRANS XPRESS INC. that set forth any facts relating to the collision in question.

**RESPONSE:**

**REQUEST NO. 35:**  All documents that explain what caused the collision in question.

**RESPONSE:**

**REQUEST NO. 36:**  All documents assessing preventability of and/or fault for the collision in question.

**RESPONSE:**

**REQUEST NO. 37:**  If the scene of the collision in question was mapped (with a total station or other survey equipment) within 14 days of the collision in question, please produce a copy of the survey data files and all diagrams produced therefrom.

**RESPONSE:**

**REQUEST NO. 38:**  Copies of all photographs, video, computer simulations, and any other documents depicting:
- a) Any vehicle involved in the collision in question;
- b) Any person involved in the collision in question;
- c) The scene of the collision in question; and/or
- d) Any evidence (roadway markings or other) relevant to the collision in question.

**RESPONSE:**

**REQUEST NO. 39:**  Copies of all reports relating to the collision in question including those prepared by Defendant, SINGH and those prepared by anyone working for or on behalf of CAN TRANS XPRESS INC. (except lawyers).

**RESPONSE:**

**REQUEST NO. 40:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the collision in question.

**RESPONSE:**

**REQUEST NO. 41:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**RESPONSE:**

**REQUEST NO. 42:**  Copies of all documents sent to or received from any governmental agency regarding the collision in question, the driver involved in the collision in question, or any subject that is part of the basis of this lawsuit.

9

**RESPONSE:**

**REQUEST NO. 43:**  Copies of all CAN TRANS XPRESS INC. policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the collision in question, relating to:

    a)  Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);
    b)  Operation of a work vehicle;
    c)  Driving safety;
    d)  Defensive driving;
    e)  Compliance with federal and state laws and regulations;
    f)  Accident investigation;
    g)  Accident review boards;
    h)  Determination of preventability of accidents;
    i)  Hiring, retaining, training and supervising drivers; and
    j)  Disciplinary actions;
    k)  Copies of any other manuals, guidelines, rules, regulations, and other documents of any kind that are furnished and/or adopted (whether formal or informal) by the company in connection with the work performed by its operational personnel (e.g. dispatchers, safety managers, log auditors).

**RESPONSE:**

**REQUEST NO. 44:**  Copies of each document that Defendant, SINGH signed to prove that Defendant, SINGH received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of CAN TRANS XPRESS INC., including his driver's license.

**RESPONSE:**

**REQUEST NO. 45:**  To the degree that CAN TRANS XPRESS INC. has any rules, policies, procedures, guidelines, driving manuals, employee handbooks or manuals, or other similar documents that were not provided to Defendant, SINGH before the collision in question, please produce.

**RESPONSE:**

**REQUEST NO. 46:**  A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by CAN TRANS XPRESS INC., its personnel, agents, or employees during the year of the collision in question and three years prior.

**RESPONSE:**

10

**REQUEST NO. 47:**  Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

**RESPONSE:**

**REQUEST NO. 48:**  Copy of documents showing the hierarchy of managerial positions at CAN TRANS XPRESS INC. and who occupied such positions as of the time of the subject incident and presently.

**RESPONSE:**

**REQUEST NO. 49:**  A copy of each document (including articles and presentations) prepared and/or presented by any CAN TRANS XPRESS INC. representative relating to the safe operation of a motor vehicle for the past five years.

**RESPONSE:**

**REQUEST NO. 50:**  All company newsletters distributed/authored during the time period beginning two years before the collision in question and present.

**RESPONSE:**

**REQUEST NO. 51:**  Copies of any contract under which your company was operating the vehicle in question at the time of the collision in question.

**RESPONSE:**

**REQUEST NO. 52:**  Transcripts or recordings of all depositions of corporate designees for CAN TRANS XPRESS INC. given in the past five years in cases where it was alleged that a driver working for CAN TRANS XPRESS INC. caused injury or death to another person.

**RESPONSE:**

**REQUEST NO. 53:**  Copies of all documents putting any third party on notice of a claim arising from the collision in question

**RESPONSE:**

**REQUEST NO. 54:**  All correspondence and other communication of any kind between you and any other Defendant to this Action.

**RESPONSE:**

**REQUEST NO. 55:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

a) A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;
b) A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;
c) A copy of the entire file of said expert;
d) A current résumé or curriculum vitae for said expert; and
e) All billing records and work logs for said expert.

**RESPONSE:**

**REQUEST NO. 56:**  A copy of any and all documents and other materials which support any contention that the collision in question was the fault of anyone other than the Defendants.

**RESPONSE:**

**REQUEST NO. 57:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**RESPONSE:**

**REQUEST NO. 58:**  Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the collision in question, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**RESPONSE:**

**REQUEST NO. 59:**  Produce each document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

**RESPONSE:**

**REQUEST NO. 60:**  If any surveillance of Plaintiff has been undertaken by or on behalf of CAN TRANS XPRESS INC., produce a copy of all reports, photographs, video and anything else generated through that investigation.

**RESPONSE:**

**REQUEST NO. 61:**  Please provide copies of any and all documents from any and all claims and/or lawsuits filed against you which arise from this incident involving any and all of the parties involved in this lawsuit. This should include any and all pleadings, discovery, requests, answers and depositions.

**RESPONSE:**

**REQUEST NO. 62:**  Complete DOT file and investigation on this incident, including all statements and photographs concerning the incident in question.

**RESPONSE:**

**REQUEST NO. 63:**  All OSHA Form 200/300 reports for the years 2017-2019.

**RESPONSE:**

**REQUEST NO. 64:**  All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were made prior to a notice of claim by defendant.

**RESPONSE:**

**REQUEST NO. 65:**  All documents evidencing annual inquiry and reviews of Defendant SINGH's driving record in compliance with Federal Motor Carrier Regulations Part 391.25.

**RESPONSE:**

**REQUEST NO. 66:**  All Driver's Certification of Records of Violations kept for Defendant SINGH in compliance with Federal Motor Carrier Regulations Part 391.27.

**RESPONSE:**

**REQUEST NO. 67:**  Copy of Defendant SINGH's Medical Examiner's Certificate qualifying Defendant SINGH to operate a commercial motor vehicle during the time of this incident.

**RESPONSE:**

**REQUEST NO. 68:**  Copy of all DAC reports received for Defendant SINGH prior to allowing him to drive your commercial motor vehicle.

**RESPONSE:**

**REQUEST NO. 69:**  Copy of the driver investigation history file on Defendant SINGH in compliance with Federal Motor Carrier Regulations Part 391.53.

**RESPONSE:**

**REQUEST NO. 70:**  Gas receipt records for 8 weeks preceding and including the date of collision.

**RESPONSE:**

**REQUEST NO. 71:** Any contract, agreement, franchise agreement or other tangible items involving your relationship between Defendant SINGH and any related CAN TRANS XPRESS INC. entity.

**RESPONSE:**

**REQUEST NO. 72:** Any safety inspection checklist of the equipment in question.

**RESPONSE:**

**REQUEST NO. 73:** Any safety meeting minutes showing Defendant SINGH attended a safety meeting.

**RESPONSE:**

**REQUEST NO. 74:** All rules, regulations, and standards (including federal, state, governmental, contractual, and company) relating to the vehicle and driver.

**RESPONSE:**

**REQUEST NO. 75:** All notices, citations, letters, demands, applications, court orders, findings, and other tangible items from or to any governmental entity concerning the job, the equipment, DOT notices, and safety violations for the vehicle and persons in question.

**RESPONSE:**

**REQUEST NO. 76:** Any correspondence, memorandum, or reports from any other person concerning the occurrence or injury involving Plaintiff.

**RESPONSE:**

**REQUEST NO. 77:** Any statement, report, correspondence, or records made by Defendant, Plaintiff, or any other Defendant (other than this Defendant), its employees, agents or representatives of such parties, or any other company involving the claim made the subject of this suit, whether written or oral.

**RESPONSE:**

**REQUEST NO. 78:** Bills of lading, trip records, invoices, and loan documents and description and any contracts therein for the trip in question.

**RESPONSE:**

14

**REQUEST NO. 79:**  Dispatcher's records concerning the trip in question and any report of accident.

**RESPONSE:**

**REQUEST NO. 80:**  Any report to the State of Texas, ICC, or DOT concerning this incident.

**RESPONSE:**

**REQUEST NO. 81:**  Copy of your application for operating authority (Form OP-I or OP-2).

**RESPONSE:**

**REQUEST NO. 82:**  Copy of your completed Motor Carrier Identification Report, Form MCS-150 filed with the FMCSA's Office of Data Analysis and Information Systems in compliance with Federal Motor Carrier Regulations Part 390.19.

**RESPONSE:**

**REQUEST NO. 83:**  Copy of your completed Safety Certification for Application for US DOT Number, Form MCS-150A filed with the US Department of Transportation Federal Motor Carrier Safety Administration.

**RESPONSE:**

**REQUEST NO. 84:**  Copy of your completed Combined Motor Carrier Identification Report and Hazardous Material Permit Application, Form MCS 1508 filed with the US Department of Transportation Federal Motor Carrier Safety Administration.

**RESPONSE:**

**REQUEST NO. 85:**  The Declaration Sheet and policy of insurance insuring Defendant in this case, including trailer in insurance coverage, together with any reservation of rights, declining of coverage and all excess/umbrella policies.

**RESPONSE:**

**REQUEST NO. 86:**  All statements made by any person involving this claim.

**RESPONSE:**

**REQUEST NO. 87:**  Any suspensions, revocations, or notice thereof, and all related documents concerning Defendant SINGH's license(s) to operate motor vehicles.

**RESPONSE:**

**REQUEST NO. 88:**  Any documents showing the acts or omissions of any party responsible in any way for the injuries to Plaintiff.

**RESPONSES:**

**REQUEST NO. 89:**  Pursuant to Texas Rules of Evidence 609, please provide any information you have which suggests Plaintiff(s), Defendant(s), or any witnesses identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude.  Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

**RESPONSES:**

**REQUEST NO. 90:**  For Texas and New Mexico for two years prior to the incident in question, for each notice, claim, complaint, and lawsuit where it was alleged that a driver of your vehicle rear ended a vehicle, failed to maintain an assured clear distance or failed to control speed on a freeway collision provide the following:
   a) Copy of all incident reports, accident reports, and investigative files;
   b) Copies of all pleadings, judgements, and settlements thereon;
   c) Copy of all claim letters; and
   d) Any claim file.

**RESPONSE:**

**REQUEST NO. 91:**  Qualcom, People net, or similar electronic records on this truck for a period beginning 30 days prior to, up to, and including the date of this incident.

**RESPONSE:**

**REQUEST NO. 92:**  Data Com records on this driver and truck for a period beginning 30 days prior to, up to, and including the date of this incident.

**RESPONSE:**

**REQUEST NO. 93:**  Load records on this truck for a period beginning 30 days prior to, up to, and including the date of this incident.

**RESPONSE:**

**REQUEST NO. 94:**  DDEC unit and all information contained therein (reduced to print form) for this truck beginning 30 days prior to, up to, and including this incident.

**RESPONSE:**

**REQUEST NO. 95:**  Dispatcher's report and log for this truck and driver for a period beginning 30 days prior to, up to, and including the date of this incident.

**RESPONSE:**

**REQUEST NO. 96:**  Copies of your commercial license DOT permit issued by any state or governmental entity.

**RESPONSE:**

**REQUEST NO. 97:**  Bonuses paid to Defendant SINGH during his employment time with Defendant CAN TRANS XPRESS INC.

**RESPONSE:**

**REQUEST NO. 98:**  Citation determination for date of incident.

**RESPONSE:**

**REQUEST NO. 99:**  Defendant SINGH's personal and business cellphone records for 24 hours before through 24 hours after this incident.

**RESPONSE:**

**REQUEST NO. 100:**  CAN TRANS XPRESS INC.'s determination letter to Defendant SINGH.

**RESPONSE:**

**REQUEST NO. 101:**  Suspension records on Defendant SINGH's CDL and Driver's license.

**RESPONSE:**

**REQUEST NO. 102:**  Weekly settlements for Defendant SINGH for 8 months prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 103:**  DOT audit results from CAN TRANS XPRESS INC. drivers understanding of rules and regulations of the company.

**RESPONSE:**

**REQUEST NO. 104:**  Audit results of driver's logs.

**RESPONSE:**

**REQUEST NO. 105:**  Random audit reports for 3 years prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 106:**  Quarterly safety meeting agenda, sign-in sheets, and any notes for 3 years prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 107:**  Defendant SINGH's dispatch reports for 8 months prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 108:**  Defendant SINGH's fuel receipts for 8 months prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 109:**  Defendant SINGH's bills of lading for 8 months prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 110:**  DataQ challenges for 3 years prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 111:**  Management Safety Meetings for 3 years prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 112:**  Route sheets for Defendant SINGH for 1 year prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 113:**  Window times for Defendant SINGH for 1 year prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 114:** Produce any and all records kept for each transaction made in the past 3 years.

**RESPONSE:**

**REQUEST NO. 115:** Produce any and all master lists of consignors.

**RESPONSE:**

**REQUEST NO. 116:** Produce the registration number of the carrier for the trip made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 117:** Produce the name and address of the consignor for the trip made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 118:** Produce the name, address, and registration number carrier for the trip made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 119:** Produce any and all records reflection the compensation for the trip made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 120:** Provide the name of the payer for the trip made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 121:** Provide the non-brokerage description for the trip made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 122:** Produce any and all freight charges for the trip made the basis of this suit.

**RESPONSE:**

**PURSUANT TO TEX. R. EVID. 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

**REQUEST FOR PRIVILEGE LOG TO BE ANSWERED**
**<u>WITHIN 30 DAYS OF SERVICE</u>**

<u>Privilege Log</u>: If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered. Specifically do the following:

a) Detail the privilege asserted;
b) The title of the document(s) upon which the privilege is asserted;
c) The General substance of the document(s) upon which you claim there is a privilege;
d) Identify the location and custodian of the document(s)
e) Brief description why, in your view, the privilege shields the document from discovery; and
f) Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

IN THE _____143 RD___ JUDICIAL DISTRICT COURT
OF REEVES COUNTY, TEXAS

| | | |
|---|---|---|
| MARIO MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 21-02-23873-CVR |
| | § | |
| RASHPAL SINGH and | § | |
| CAN TRANS XPRESS INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS TO DEFENDANT AND PRIVILEGE LOG**

TO:   **RASHPAL SINGH**

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action.  Furthermore, pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and control by **10:00 a.m. FIFTY-ONE (51) DAYS AFTER SERVICE AT: VICTOR J. BIEGANOWSKI P.C.,** 801 Myrtle Ave. Suite 100, El Paso, Texas 79901.

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted. Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3(c).

1

Further you are hereby required to respond and supplement this Request as mandated by Rule 193. If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiff will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put-on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections,** is waived unless the court excuses the waiver for good cause shown.

You are hereby put-on notice to produce to Plaintiff pursuant to Tex. R. Evidence 609 all evidence of any listed witness.

2

**PRIVILEGE LOG** - Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiffs requests that Defendant identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:   _/s/  Victor J. Bieganowski_      .
      **VICTOR J. BIEGANOWSKI**
      State Bar No. 02301100
      *Attorney for Plaintiff, Mario Moreno*

3

## ITEMS TO BEPRODUCED

**REQUEST NO. 1:**    A copy of each document relied upon by you in any way in responding to Plaintiff's First Set of Interrogatories to RASHPAL SINGH.

**RESPONSE:**

**REQUEST NO. 2:**    A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the collision in question.

**RESPONSE:**

**REQUEST NO. 3:**    Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the collision in question.

**RESPONSE:**

**REQUEST NO. 4:**    Copies of all citations, warnings, out of service orders and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**RESPONSE:**

**REQUEST NO. 5:**    A copy of all documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

**RESPONSE:**

**REQUEST NO. 6:**    Copies of all of your medical treatment records related to any and all medical treatment for any injuries sustained by you in/during the collision in question.

**RESPONSE:**

**REQUEST NO. 7:**    All correspondence and other communications of any kind between you and any third-party relating to the collision in question.

**RESPONSE:**

**REQUEST NO. 8:**    For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the vehicle that you were operating at the time of the collision in question, produce all documents reflecting usage and billing for the time period beginning 48 hours before the collision in question and ending 48 hours after the collision in question.  This includes all devices, whether owned by you or not, and whether it was in use at the time of the collision in question or not.

**RESPONSE:**

**REQUEST NO. 9:**   Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**RESPONSE:**

**REQUEST NO. 10:**  Copies of all documents in your possession, custody and/or control relating in any way to the collision in question.

**RESPONSE:**

**REQUEST NO. 11:**  Copies of all documents and or statements sent by you to any person or entity (other than your attorney(s)), regarding the collision in question and/or describing the collision in question.

**RESPONSE:**

**REQUEST NO. 12:**  All documents that set forth any facts leading up to the collision in question.

**RESPONSE:**

**REQUEST NO. 13:**  Produce a copy of the front and back of your driver's license(s).

**RESPONSE:**

**REQUEST NO. 14:**  Copies of all reports relating to this incident in your possession, custody and/or control.

**RESPONSE:**

**REQUEST NO. 15:**  Copies of all photographs, video, computer simulations, and any other documents depicting:
     a)      Any vehicle involved in the collision in question;
     b)      Any person involved in the collision in question;
     c)      The scene of the collision in question; and/or
     d)      Any evidence (roadway markings or other) relevant to the collision in question.

**RESPONSE:**

**REQUEST NO. 16:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the collision in question.

**RESPONSE:**

**REQUEST NO. 17:**   All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the collision in question, the injuries or damages resulting therefrom, or this lawsuit.

**RESPONSE:**

**REQUEST NO. 18:**   With respect to each expert witness who may provide testimony at the trial of this case, provide:

      a)      A copy of all documents (as that term is defined above) and items of any kind
      b)      produced **to** said expert;
      c)      A copy of all documents (as that term is defined above) and items of any kind
      d)      generated or produced **by** said expert;
      e)      A copy of the entire file of said expert;
      f)      A current résumé or curriculum vitae for said expert; and
      g)      All billing records and work logs for said expert.

**RESPONSE:**

**REQUEST NO. 19:**   A copy of any and all documents and other materials which support any contention that the collision in question was the fault of anyone other than you.

**RESPONSE:**

**REQUEST NO. 20:**   Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**RESPONSE:**

**REQUEST NO. 21:**   Produce any document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the collision in question, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**RESPONSE:**

**REQUEST NO. 22:**   Produce any document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

**RESPONSE:**

**REQUEST NO. 23:**   If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video and anything else generated through that investigation.

**RESPONSE:**

**REQUEST NO. 24:**  Copies of any and all documents from any and all claims and/or lawsuits filed against you which arise from this incident involving any and all of the parties involved in this lawsuit. This should include any and all pleadings, discovery, requests, answers and depositions.

**RESPONSE:**

**REQUEST NO. 25:**  Pursuant to Texas Rules of Evidence 609, please provide any information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

**RESPONSE:**

**REQUEST NO. 26:**  Produce copies of any statements given by you to any person or company regarding the facts of this incident.

**RESPONSE:**

**REQUEST NO. 27:**  Produce copies of any and all damage appraisals and/or automobile repairs for any and/or all of the vehicles involved in this incident.

**RESPONSE:**

**REQUEST NO. 28:**  Copies of any property damage checks paid by any company for damages sustained by any and/or all of the vehicles involved in this incident.

**RESPONSE:**

**REQUEST NO. 29:**  Copies of any and all medical records and bills for any injuries you sustained in this incident.

**RESPONSE:**

**REQUEST NO. 30:**  A complete copy of your personnel file, including but not limited to, job applications, disciplinary documents, FMCSA documents, personnel policies of Defendant CAN TRANS XPRESS, INC., FMCSA violations and DOT physical reports.

**RESPONSE:**

**REQUEST NO. 31:**  Inspection and photographing of Defendant SINGH's vehicle.

**RESPONSE:**

7

**REQUEST NO. 32:** The Declaration Sheet and policy of insurance insuring Defendant SINGH in this claim, including trailer policies and umbrella/excess insurance.

**RESPONSE:**

**REQUEST NO. 33:** All statements made by any person involving this claim.

**RESPONSE:**

**REQUEST NO. 34:** All damages, estimates, maintenance records, and pictures of Defendant SINGH's vehicle and all other vehicles involved in the collision made the subject of this suit.

**RESPONSE:**

**REQUEST NO. 35:** Copy of your driving and accident record.

**RESPONSE:**

**REQUEST NO. 36:** All documents pertaining to all tickets you have received for motor vehicle violations in your lifetime.

**RESPONSE:**

**REQUEST NO. 37:** All documents pertaining to each time you have been convicted of driving while under the influence of any drugs or alcohol.

**RESPONSE:**

**REQUEST NO. 38:** All documents pertaining to any other motor vehicle accidents in which you have been involved in during your lifetime.

**RESPONSE:**

**REQUEST NO. 39:** Your cell phone bill and records for one month prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 40:** Receipts and credit card charges for one month prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 41:**  Your logbooks for the date of this incident and for a period of 8 weeks prior to the date of this incident.

**RESPONSE:**

**REQUEST NO. 42:**  Please produce a copy of your current driver's license, if any, both front and back.

**RESPONSE:**

**REQUEST NO. 43:**  Please produce a copy of your Social Security Card, if any, both front and back.

**RESPONSE:**

**REQUEST NO. 44:**  Please produce a true and correct copy of the registration, certificate of insurance, and title certificate of the vehicle that was involved in the collision made the subject of this lawsuit.

**RESPONSE:**

**REQUEST NO. 45:**  All drug and alcohol tests of you in your possession.

**RESPONSE:**

**REQUEST NO. 46:**  Your Federal Motor Carrier Safety Act (FMCSA) driver file.

**RESPONSE:**

**REQUEST NO. 47:**  Produce a copy of your employment file with Defendant CAN TRANS XPRESS INC.

**RESPONSE:**

**REQUEST NO. 48:**  Your DOT medical certificate.

**RESPONSE:**

**REQUEST NO. 49:**  Your health insurance billing records from June 1, 2019 to the present date.

**RESPONSE:**

**REQUEST NO. 50:**  All documents concerning any alleged criminal violation committed by Defendant SINGH.

**RESPONSE:**

**REQUEST NO. 51:**  Photographs and video recordings of any surveillance of Plaintiff.

**RESPONSE:**

**REQUEST NO. 52:**  All documents obtained pursuant to any authorization signed by Plaintiff.

**RESPONSE:**

**REQUEST NO. 53:**  All documents where Plaintiff's signature is contained on the document.

**RESPONSE:**

**REQUEST NO. 54:**  All medical records of Plaintiff's received from any source.

**RESPONSE:**

**REQUEST NO. 55:**  All correspondences sent by Defendants and their representatives to Plaintiff's healthcare providers.

**REQUESTS NO. 56:**  All correspondences sent by Defendant SINGH and their representatives to Plaintiff's past employers.

**RESPONSE:**

**REQUEST NO. 57:**  All written information and correspondences from Plaintiff's healthcare providers.

**RESPONSE:**

**REQUEST NO. 58:**  All written information and correspondences from Plaintiff's past employers.

**RESPONSE:**

**REQUEST NO. 59:**  Any deposition transcripts, trial transcripts, or other recorded testimony of witnesses listed by Plaintiff.

**RESPONSE:**

**REQUEST NO. 60:**  Copy of Defendant SINGH's Medical Examiner's Certificate qualifying SINGH to operate a commercial motor vehicle during the time of the incident.

**RESPONSE:**

**REQUEST NO. 61:**  Copy of all pre- and post-accident drug tests for Defendant SINGH.

**RESPONSE:**

**REQUEST NO. 62:** Copy of all pre- and post-accident alcohol tests for Defendant SINGH.

**RESPONSE:**

**REQUEST NO. 63:**  Time records and driving log of Defendant SINGH for the 8 weeks preceding and including the date of the collision.

**RESPONSE:**

**REQUEST NO. 64:**  Cell phone records and cell phone of Defendant SINGH for one week up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 65:**  Any contract, agreement, franchise agreement, or other tangible items involving the relationship between Defendant SINGH and any related CAN TRANS XPRESS INC entity.

**RESPONSE:**

**REQUEST NO. 66:**  Any safety inspection checklist of the equipment in question.

**RESPONSE:**

**REQUEST NO. 67:**  Any safety meeting minutes showing Defendant SINGH attended a safety meeting.

**RESPONSE:**

**REQUEST NO. 68:**  Bills of lading, trip records, invoices, and loan documents and description and any contracts therein for the trip in question.

**RESPONSE:**

**REQUEST NO. 69:**  Any and all documents reflecting any disciplinary action for this incident taken against Defendants SINGH or CAN TRANS XPRESS INC by any governmental entity.

**RESPONSE:**

**REQUEST NO. 70:**  All statements made by any person involving this claim.

**RESPONSE:**

1

**REQUEST NO. 71:**  All estimates, work orders, salvage estimates, maintenance records, and pictures of the vehicles involved in the collision made the subject of this suit.

**RESPONSE:**

**REQUEST NO. 72:**  Any suspensions, revocations, or notice thereof, and all related documents concerning Defendant SINGH's license to operate motor vehicles.

**RESPONSE:**

**REQUEST NO. 73:**  Any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert.  If the discoverable factual observations, test, supporting data, calculations, photographs or opinions of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to a tangible form and produced.

**RESPONSE:**

IN THE _____143 RD_____ JUDICIAL DISTRICT COURT
OF REEVES COUNTY, TEXAS

| | | |
|---|---|---|
| MARIO MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 21-02-23873-CVR |
| | § | |
| RASHPAL SINGH and | § | |
| CAN TRANS XPRESS INC., | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF INTENTION TO TAKE ZOOM DEPOSITION

**TO:    THE AUTHORIZED REPRESENTATIVE FOR CAN TRANS XPRESS INC.**

Pursuant to the Texas Rules of Civil Procedure, you are notified of our intention to take the Zoom deposition of the following witness which will begin at the designated time and continue thereafter until completed.

**WITNESS**:    THE AUTHORIZED REPRESENTATIVE FOR: CAN TRANS XPRESS INC.
180 Wilkinson Rd.
Brampton, Ontario L6T 4W8 C
**DATE**:    February 24, 2021
**TIME**:    1:00 O' Clock P.M.
**LOCATION**: Associated Court Reporters
Wells Fargo Plaza, 221 N Kansas St, El Paso, TX 79901

**A SUBPOENA IS REQUESTED**:  _____ YES __X__ NO

Such deposition, when taken, will be used as evidence at the trial of the above styled cause.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:    _/s/  Victor J. Bieganowski_____.
**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
*Attorney for Plaintiff, Mario Moreno*

2/3/2021 1:25 PM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

IN THE _____143 RD_____ JUDICIAL DISTRICT COURT
OF REEVES COUNTY, TEXAS

MARIO MORENO,                          §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §        Cause No. 21-02-23873-CVR
                                       §
RASHPAL SINGH and                      §
CAN TRANS XPRESS INC.,                 §
                                       §
        Defendants.                    §

**NOTICE OF INTENTION TO TAKE ZOOM DEPOSITION**

**TO:   DEFENDANT, RASHPAL SINGH**

Pursuant to the Texas Rules of Civil Procedure, you are notified of our intention to take the Zoom deposition of the following witness which will begin at the designated time and continue thereafter until completed.

**WITNESS**:   RASHPAL SINGH
               26-206 Green Valley Dr.,
               Ontario N291G9
 **DATE**:     February 24, 2021
**TIME**:      9:00 O' Clock A.M.
**LOCATION**:  Associated Court Reporters
               Wells Fargo Plaza, 221 N Kansas St, El Paso, TX 79901

**A SUBPOENA IS REQUESTED**: _____ YES __X__ NO

Such deposition, when taken, will be used as evidence at the trial of the above styled cause.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:   _/s/  Victor J. Bieganowski_____
      **VICTOR J. BIEGANOWSKI**
      State Bar No. 02301100
      *Attorney for Plaintiff, Mario Moreno*